FILED

MAR 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONEL OVIDIO VALDEZ-ESTRADA, | No. 08-71608 |
| Petitioner, | Agency No. A097-898-320 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010 [**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Leonel Ovidio Valdez-Estrada, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

DL/Research

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000), and we also review de novo other questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We grant in part and deny in part the petition for review.

The record does not compel the conclusion that extraordinary circumstances excused the untimely filing of Valdez-Estrada's asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *Toj-Culpatan v. Holder*, 588 F.3d 638, 639-41 (9th Cir. 2009) (per curiam). Accordingly, we deny the petition as to Valdez-Estrada's asylum claim. Valdez-Estrada's due process claim fails because he cannot show that the proceedings were "fundamentally unfair" in a manner which prejudiced him by causing him to file an untimely asylum application. *See Colmenar*, 210 F.3d at 971; *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring a showing of prejudice to prevail on a due process challenge).

We reject Valdez-Estrada's claim that he is eligible for withholding of removal based upon his anti-gang political opinion or his religious beliefs. *See Barrios v. Holder*, 581 F.3d 849, 855-56 (9th Cir. 2009) (rejecting claim that petitioner was persecuted on account of an anti-gang political opinion); *Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (a protected ground must be "at least one central reason" for persecution). However, because the BIA failed to address Valdez-Estrada's contention that his membership in the Casa Resurrecion Siloe group constitutes membership in a particular social group such that he can establish a nexus to a protected ground, we grant the petition for review as to Valdez-Estrada's withholding of removal claim, and remand for the BIA to address the issue in the first instance. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (BIA is "not free to ignore arguments raised by a petitioner"); *see also Gonzales v. Thomas*, 547 U.S. 183, 186-87 (2006) (per curiam) (remanding for the BIA to decide in the first instance whether a group constitutes a "particular social group").

Substantial evidence supports the agency's finding that Valdez-Estrada failed to demonstrate it is more likely than not he would be tortured by or at the instigation of or with the consent or acquiescence of a public official if returned to

Guatemala, and therefore we deny the petition as to Valdez-Estrada's CAT claim.
*See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part;**

**REMANDED.**